IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.           ) | CASE NO. 5:19-cr-37 (MTT) |
| ) | |
| LIZERICKA WOOLFOLK,   ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

**ORDER**

On September 7, 2021, federal prisoner Lizericka Woolfolk moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). Doc. 171. The Court appointed counsel for Woolfolk, and Woolfolk filed a supplemental motion for compassionate release. Docs. 174; 183. The Government opposes Woolfolk's release. Docs. 173; 184. For the following reasons, Woolfolk's motion for compassionate release (Docs. 171; 183) is **GRANTED.**

**I. BACKGROUND**

On October 7, 2020, the Court sentenced Woolfolk to 48 months imprisonment and one-year supervised release for one count of the "use of a communication facility to conspire to possess with the intent to distribute crack cocaine." Doc. 154. Woolfolk is now incarcerated at Marianna Federal Correctional Institution, with an expected release date of July 31, 2023. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Lizericka Woolfolk") (last visited Nov. 3, 2022).

Woolfolk has four children—A.W. (twelve years old), J.D. (ten years old), H.W. (seven years old), and E.L. (three years old). Doc. 183 at 5. "A.W. suffers from

seizures and J.D. was diagnosed with Cerebral Palsy and suffers from Hydrocephalus and has a shunt in place."[1] *Id*.; Doc. 171-2 at 2-5.  Her children have different fathers that "are either estranged, have no contact or are incarcerated."  Doc. 183 at 7.  A.W.'s father lives in Colorado and "does not have contact with his child."  *Id*.  J.D.'s father is not permitted visitation rights and is also "not capable of handling J.D.'s medical issues."  *Id*.  H.W's father is estranged.  *Id*.  And E.W.'s father was Woolfolk's codefendant and is incarcerated until 2033.  *Id*.

"Prior to her incarceration, Ms. Woolfolk was the primary caregiver for her four minor children, her mother and grandmother."  Doc. 183 at 5.  Now, Woolfolk's mother is the children's caregiver.  *Id*.  Woolfolk's mother suffers from morbid obesity, severe diabetes, congested heart failure, hypertension, and blood clots.  *Id*. at 5-6; Doc. 171-1 at 17-18.  As a result, Woolfolk's mother has "complications in her foot."  Doc. 183 at 6.  The record is inconsistent regarding whether Woolfolk's mother has had a toe amputation.  *See* Doc. 171 at 3 (Woolfolk's mother "had her toes amputated due to her diabetes taking a turn for the worse."); *but see* Doc. 183 at 6 (doctors "have discussed possible amputation").  However, the record indicates that Woolfolk's mother has contemplated surgery.  *See* Doc. 171-1 at 17 (doctor's notes indicate that Woolfolk's mother "might need to go for surgical intervention.").

Moreover, Woolfolk's grandmother had cancer and is in remission.  Doc. 183 at 5.  Woolfolk has three brothers who "do not live in the house and are not able to provide

---

[1] Cerebral Palsy "is a group of disorders that affect a person's ability to move and maintain balance and posture."  CDC, *What is Cerebral Palsy?*, https://www.cdc.gov/ncbddd/cp/facts.html (last visited Nov. 3, 2022).  Hydrocephalus "is the buildup of fluid in the … brain" causing "a range of brain function problems."  Mayo Clinic, *Hydrocephalus*, https://www.mayoclinic.org/diseases-conditions/hydrocephalus/symptoms-causes/syc-20373604 (last visited Nov. 3, 2022).

care for [Woolfolk's mother] or the children, especially for J.D. and E.W." *Id*. at 7.  She also has one sister, who "is still in high school and cannot drive." *Id*.

## II. STANDARD

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court.  Before the Act, "compassionate release" was available only upon motion by the Director of the Bureau of Prisons.  The amended statute provides that once a movant has established that she has fully exhausted her administrative rights, a *court*

> may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's policy statement and commentary found at U.S.S.G. § 1B1.13, which were promulgated before the enactment of the First Step Act of 2018, provide guidance on the grounds for compassionate release, specifically on what constitutes "extraordinary and compelling" reasons warranting a sentence reduction.  Only four circumstances qualify as extraordinary and compelling reasons.  First, extraordinary and compelling reasons may exist based on the medical condition of the prisoner if the prisoner is suffering from a terminal illness or the prisoner's ability to provide self-care within the environment of a correctional facility is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition; a serious functional or cognitive impairment; or the deterioration of physical or mental health because of the aging process.  § 1B1.13 cmt. n.1(A).  Second, the age of the prisoner

can qualify as an extraordinary and compelling reason if the prisoner is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.  § 1B1.13 cmt. n.1(B).  Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the prisoner's minor child or children dies or is incapacitated, or when the prisoner's spouse or registered partner becomes incapacitated and the prisoner would be the only available caregiver for the spouse or registered partner.  § 1B1.13 cmt. n.1(C).  Fourth, referred to as the "catch-all" provision, an extraordinary and compelling reason may be present when the Director of the Bureau of Prisons determines that such a reason exists.  § 1B1.13 cmt. n.1(D).

The Eleventh Circuit has held that this policy statement and commentary are applicable to, and limit, prisoner-filed motions for compassionate release.  *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021).  Moreover, the fourth or "catch-all" circumstance applies only to compassionate release determinations made by the Director of the Bureau of Prisons.  *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) (summarizing *Bryant*).

Accordingly, for Woolfolk to establish that extraordinary and compelling reasons exist and warrant a sentence reduction, she must establish that she is not dangerous and that she falls within one or more of the three applicable circumstances defined in the policy statement's commentary.  *Bryant*, 996 F.3d at 1253 ("If [the prisoner] is not dangerous and [her] circumstances fit into an approved category, then [she] is eligible,

and the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted.").

## III. DISCUSSION

Woolfolk moves for release under the "family circumstances" category. Doc. 183 at 4-7. Specifically, Woolfolk argues that her minor children's caregiver is incapacitated, and there is no alternative caregiver. *Id.*; Doc. 171 at 3. The Court agrees.

### A. Whether Woolfolk has Shown an Extraordinary and Compelling Reason

The "incapacitation of the caregiver of the defendant's minor child or minor children" constitutes an extraordinary and compelling reason warranting sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1(C). The Federal Bureau of Prisons' Program Statement 5050.50 defines incapacitation as "the family member caregiver suffered a severe injury … or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." Federal Bureau of Prisons, Program Statement 5050.50 at 7 (January 17, 2019).

The caregiver of Woolfolk's children, Woolfolk's mother, is incapacitated. She suffers from severe illnesses (diabetes, congested heart failure, hypertension, blood clots, bipolar disorder, and depression) that render her incapable of caring for Woolfolk's four minor children—especially Woolfolk's daughter, J.D., who has a disability and requires extensive care. Docs. 171-1 at 12; 183 at 5-6. Woolfolk's mother's diabetes is so severe that an amputation of her toes may occur. Doc. 183 at 6. Although the record is unclear, as the Government argues, when this amputation will occur, this is immaterial. Doc. 184 at 3-4; Doc. 171 at 3 (Woolfolk stating that her mother "had her toes amputated due to her diabetes taking a turn for the worse."); Doc.

183 at 6 (Doctors "have discussed possible amputation[.]"). The mere fact that doctors have discussed amputating her toes indicates that Woolfolk's mother is unable to manage her illnesses. See Doc. 171-1 at 17 (doctor's notes stating that "she might need to go for surgical intervention[.]"). Moreover, Woolfolk's mother's medical records also indicate that she fails to comply with the doctor's instructions, resulting in a worsened condition. See id. ("Patient unfortunately continues to be extremely noncompliant[.]").

The Government argues that Woolfolk's mother is not incapacitated because her medical conditions "do not qualify as a severe injury or a severe illness under the BOP Program Statement 5050.50." Doc. 173 at 6. However, BOP's program statement does not provide an exhaustive list of what qualifies as "incapacitated." Rather, it provides one example of a severe illness, cancer, then explains that a severe illness is one "that renders the caregiver incapable of caring for the child." See Federal Bureau of Prisons, Program Statement 5050.50 (January 17, 2019) at 7. Moreover, the statement instructs that review of compassionate release requests under the "family circumstances" category requires an assessment of "whether the release of the inmate to care for the inmate's child is *in the best interest of the child*." Id. (emphasis added).

Because Woolfolk's mother is prescribed medications for her conditions, the Government further argues that her mother is controlling her conditions, and that she is able to "stay home instead of being hospitalized." Doc. 173 at 6-7. But taking medication does not necessarily lead to the conclusion that those conditions do not affect Woolfolk's mother's mental and physical ability to care for her daughter's children.

And Woolfolk's mother's medical records indicate that she has been "hospitalized more than once for pulmonary embolism and uncontrolled diabetes."  Doc. 171-1 at 12.

The Court also finds Woolfolk has demonstrated that her mother is the only available caregiver for her children.  *See Bryant*, 996 F.3d at 1250 (noting that the "family circumstances" category allows for relief "if a defendant becomes the only potential caregiver for a minor child[.]").  The record indicates that none of the children's fathers would be adequate caregivers—none of them are, or are able to be, in the children's lives.  Doc. 183 at 7.  Moreover, Woolfolk's siblings are not adequate alternative caregivers.  Her sister is a juvenile and cannot drive.  *Id*.  And her three brothers "do not live in the house and are not able to provide care for [Woolfolk's mother] or the children, especially for J.D. and E.W."  *Id*.  In response, the Government argues that "[t]here is no explanation on why [the brothers] cannot assist in the care of Woolfolk's children[.]"  Doc. 184 at 4.  But to support this argument, it points to facts in Woolfolk's presentence report—facts that may not be correct today.  Docs. 173 at 5-6; 184 at 4.  The Court cannot find that, based on the record, any of Woolfolk's brothers are capable of caring for four minor children, one of whom has a severe disability.

Finally, the Government argues that because "[m]ost of the issues raised in Woolfolk's supplemental motion … were all detailed in the [presentence report] and in Woolfolk's Sentencing Memorandum," they cannot constitute extraordinary and compelling reasons for her release.  Doc. 184 at 3.  However, this argument is meritless.  *See* U.S.S.G. § 1B1.13 cmt. n.2 ("For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment.  Therefore, the

fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.").

Because the Court finds that the sole caregiver of Woolfolk's four children is incapacitated, Woolfolk has shown that an extraordinary and compelling reason exists warranting her release.

### B. Section 3553(a) Factors

If a prisoner has established extraordinary and compelling reasons, then "the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted." *Bryant*, 996 F.3d at 1254. A district court "must also determine that the defendant is not a danger to the safety of any other person or to the community[.]" *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (citation and internal quotation marks omitted).

The § 3553(a) sentencing factors include the nature and circumstances of the offense, the history of the defendant, and the need for the sentence imposed. 18 U.S.C. § 3553(a). "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (citation and internal quotation marks omitted). "[D]istrict courts needn't address each of the § 3553(a) factors or all of the mitigating evidence." *Id*. It is enough "that the district court considered a number of the factors such as the nature and circumstances of the offense [and] the defendant's history of recidivism[.]" *Id*.

The Court finds that the § 3553(a) factors weigh in favor of a reduction of Woolfolk's sentence. First, the nature and circumstances of Woolfolk's offense were not

serious. She committed "a non-violent drug offense where she distributed [drugs] at the direction of her ex-boyfriend and father of her youngest child." Docs. 154; 183 at 8. Next, nothing in the record indicates that Woolfolk is violent or has a violent history. Third, Woolfolk shows signs of rehabilitation. She has completed 117 hours of educational programming, and she has a clear disciplinary history. Docs. 183 at 8; 183-1 at 1. Finally, the risk of Woolfolk returning to crime is low. Her BOP record states that she is "minimum risk recidivism level," and she stated that she "is committed to finding a job so she can provide for her kids." 183-1 at 2; Doc. 183 at 8.

In its argument against Woolfolk's release, the Government states "Woolfolk will serve roughly 8 months less than the initial sentence the Court imposed, which was significantly less than the sentence she would have faced absent her negotiated plea agreement." Doc. 184 at 5. But the sentence Woolfolk *would have faced* absent her guilty plea is irrelevant to the sentence she *actually received*. And considering credits, she "has served close to 80% of her 48-month sentence." Doc. 183 at 7.

Accordingly, the Court finds that Woolfolk is not a danger to the community, and that the § 3553(a) factors weigh in favor of her release.

## IV. CONCLUSION

Because Woolfolk has established that extraordinary and compelling reasons warrant a sentence reduction and that the § 3553(a) factors weigh in favor of her early release, her motion for compassionate release (Docs. 171; 183) is **GRANTED**. Woolfolk's sentence is reduced to **TIME SERVED**. BOP and the United States Probation Office shall make appropriate plans for her release. Upon release, Woolfolk will begin a one-year term of supervised release.

**SO ORDERED**, this 4th day of November, 2022.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT